IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES G. WHITTAKER and<br>GLENDA L. WHITTAKER,<br><br>              Plaintiffs,<br><br>    vs.<br><br>ALLIED INTERNATIONAL CREDIT<br>    CORP. (US),<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED: JANUARY 22, 2009<br>09CV421<br>JUDGE COAR<br>MAGISTRATE JUDGE NOLAN<br>CH |

## COMPLAINT

### INTRODUCTION

1.      Plaintiffs James G. Whittaker and Glenda L. Whittaker bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Allied International Credit Corp. (US).  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy

1

of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiffs within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

6. Plaintiffs James G. Whittaker and Glenda L. Whittaker are husband and wife and reside in the Northern District of Illinois.

7. Defendant Allied International Credit Corp. (US) is a corporation chartered under Delaware law that does business in Illinois. Its registered agent and office are Lexis Document Services, Inc., 801 Adlai Stevenson Dr., Springfield, IL 62703.

8. Defendant Allied International Credit Corp. (US) is engaged in the business of a collection agency.

9. Allied International Credit Corp. (US) is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

10. Allied International Credit Corp. (US) is a debt collector as defined in the FDCPA.

11. Allied International Credit Corp. (US) is a licensee under the ICAA.

## FACTS

12. On or about Nov. 12, 2008, plaintiffs, through counsel, filed a petition under Chapter 13 of the Bankruptcy Code.

13. Allied International Credit Corp. (US) is seeking to collect from plaintiffs a debt incurred for personal, family or household purposes.

14. On December 26, 2008, at 12.10 p.m., a representative of Allied International Credit Corp. (US) left a voicemail message for plaintiffs, using the numbers 800-991-8256 and 425-648-9460. The message stated that this is "an important legal matter for your wife" and "also concerns you."

15. Mr. Whittaker returned the call at 12.21 p.m., and learned that the call concerned an alleged debt.

16. Mr. Whittaker informed the Allied representative of the bankruptcy filing and that "you are not supposed to call me anymore." The Allied representative began berating Mr. Whittaker about his not paying the debt, stating that "You sound awfully proud of that Mr. Whittaker. That's why you are a loser and will never get anywhere in life." He continued with similar comments until Mr. Whittaker hung up.

17. Mr. Whittaker was embarrassed and humiliated by the call.

## COUNT I – FDCPA

18. Plaintiffs incorporate paragraphs 1-17.

19. Defendant violated 15 U.S.C. §§1692c and 1692d.

20. Section 1692c provides:

> **§ 1692c.  Communication in connection with debt collection [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**
>
> **(2)  if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . **.

21. Section 1692d provides:

> **§ 1692d.  Harassment or abuse [Section 806 of P.L.]**

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

      (1)     Statutory damages;

      (2)     Actual damages;

      (3)     Attorney's fees, litigation expenses and costs of suit;

      (4)     Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

22. Plaintiffs incorporate paragraphs 1-17

23. Defendant is a "collection agency" as defined in the ICAA.

24. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (16) Using profane, obscene or abusive language in communicating with a debtor, his or her family or others. . . .**

25. Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances: . . .**

> **(2) If the debt collector or collection agency knows the debtor is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor. . . .**

26. A private right of action exists for violation of the ICAA. <u>Sherman v.</u>

Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiffs and against defendant:

  a. Compensatory and punitive damages;

  b. Costs.

  c. Such other and further relief as is appropriate.

         s/ Daniel A. Edelman
         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

James G. Whittaker declares under penalty of perjury, as provided by 28 U.S.C. 1746, that the facts stated above are true and accurate.

*James G. Whittaker*
James G. Whittaker

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                               <u>s/ Daniel A. Edelman</u>
                                               Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22303\Pleading\Complaint_Pleading.wpd